**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES REPIKA, | ) | |
| on behalf of himself and a class, | ) | Case No. 12-cv-4290 |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | Mag. Jeffrey T. Gilbert |
| ACCELERATED FINANCIAL | ) | |
| SOLUTIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY**
**APPROVAL OF PROPOSED CLASS SETTLEMENT, CERTIFICATION OF**
**SETTLEMENT CLASS AND NOTICE TO CLASS MEMBERS**

Plaintiff James Repika ("Plaintiff"), on behalf of himself and all others similarly situated,

respectfully submits this memorandum in support of his motion for an order granting preliminary

approval of settlement, certifying a class for purposes of settlement, and approving the sending

of notice to the settlement class members, pursuant to Federal Rule of Civil Procedure 23.

## I.     BACKGROUND

This lawsuit was filed by Plaintiff against Accelerated Financial Solutions, LLC ("AFS")

in the United States District Court for the Northern District of Illinois, alleging violation of the

the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").  Specifically,

Plaintiff alleged that AFS sent him a letter in the form of Exhibit A to the Complaint which

makes a false threat of a lawsuit, and left him a voicemail message which did not identify that

the call was for debt collection purposes, in violation of 15 U.S.C. § 1681c(g).  Plaintiff sought

to recover for himself and for each Class Member statutory damages for noncompliance with the

FDCPA.  Defendant denies liability.  Based on their own independent investigations and

1

evaluations, Plaintiff's counsel are of the opinion that the settlement with Defendant based on the terms set forth below, considering the representative and average class claims and the risk of loss, is fair, reasonable, and adequate in light of all known facts and circumstances, and is in the best interests of the putative class. Plaintiff's counsel are also of the opinion that the total consideration and payment is adequate in light of Defendant's net worth, as well as the uncertainties surrounding the alleged liability of Defendant, the inherent problems of proof in cases such as this, the limited assets of Defendant, and the possible defenses which Defendant could assert.

Counsel for Plaintiff also recognize the substantial monetary benefit to the proposed Settlement Class and the expense and length of continued proceedings necessary to prosecute the action against Defendant through trial and appeals. Counsel have taken into account the uncertain outcome and risk of any litigation, especially in complex actions such as class actions, as well as the difficulties and delay inherent in such litigation. Therefore, Plaintiff's counsel have determined that the proposed settlement is in the best interests of the proposed Settlement Class.

## II.     SETTLEMENT TERMS

Plaintiff and AFS have reached a full and final settlement of this action, which is embodied in the Final Settlement Agreement ("Agreement") (attached as Appendix I to Plaintiff's Motion for Preliminary Approval). For purposes of preliminary approval, the following summarizes the terms of the Agreement:

### A.     The Settlement Fund

AFS will contribute a total of $30,500 (the "Settlement Fund") to be used for purposes of making payments to Settlement Class Members and covering the incentive award to Plaintiff, attorneys' fees and costs to Class Counsel as this Court finally approves, ***and all costs of Notice and Administration of the Settlement.***

### B.     The Settlement Class

The Agreement contemplates that this Court certify a class for settlement purposes only. Defendant does not oppose the certification of a class for settlement purposes only, but retain the right to oppose class or collective action certification in the event that: (1) the Court does not approve the Agreement and execute an Order of Final Approval; (2) the Court does not finally approve of the settlement as proposed by the Parties; (3) the Order of Final Approval as submitted by the Parties does not become final for any reason, or the terms and conditions set forth in the Agreement are modified in any material respect; or (4) the Final Approval does not occur.  The "Settlement Class" consists of all natural persons with Illinois addresses to whom Defendant sent a letter in the form represented by Exhibit A to the Plaintiff's complaint on or between June 1, 2011 and June 21, 2012.  The Class shall receive $21,000.00 which shall be divided *pro rata* among all class members who timely submit a valid claim.

### B.     Class Representative Incentive Award

Defendant shall pay an incentive award to Plaintiff James Repika in the sum of Two Thousand Dollars ($2,000) from the Settlement Fund for his service as a Class Representative and his willingness to accept the risk of paying Defendant's attorneys' fees and costs in the event of an unsuccessful outcome. Such reasonable enhancement payments are routinely approved by

courts. *See, e.g., Cook v. Niedert,* 142 F. 3d 1004, 1016 (7th Cir. 1998) (approving incentive

payment to plaintiff); *see also Ingram v. Coca-Cola Co.*, 200 F.R.D. 685, 694 (N.D. Ga. 2001)

("Courts routinely approve incentive awards to compensate named plaintiffs for the services they

provided and the risks they incurred during the course of the class action litigation").  This

payment shall be made from the Settlement Fund.

**C.      Appointment of Class Counsel and Payment of Attorneys' Fees and Costs**

Under the terms of the Agreement, Plaintiff's counsel, Edelman, Combs, Latturner &

Goodwin, LLC, is to be appointed as Class Counsel**.** Appointment of this firm as Class Counsel

is appropriate, given their experience in complex and class action litigation. Class Counsel shall

be paid attorneys' fees in the total amount of Seven Thousand and Five Hundred dollars ($7,500)

from the Settlement Fund.  This amount was negotiated separately from class members'

recovery, and does not reduce the amount being paid to class members.

**D.      Cy Pres**

All remaining funds in the Settlement Fund after the above payments are made and the

costs of administration are deducted shall be paid as a cy pres award to the Legal Assistance

Foundation, a nonprofit organization that provides legal assistance in civil cases to low-income

residents of Cook County.

**E.      Class Notice**

Within 28 days of the Court's preliminary approval of the Settlement Agreement,

Defendant shall cause notice to be mailed  to the Settlement Class in the form and substance set

forth in Exhibit A to the Settlement Agreement.  In the event that a Class Notice is returned as

undeliverable and a forwarding address is provided, a Class Notice shall be sent to the forwarding address as soon as practicable.

## III. STANDARD FOR APPROVAL

Federal courts naturally favor the settlement of class action litigation. *Isby v. Bayh*, 75 F. 3d 1191, 1196 (7th Cir. 1996). However, settlement of a Rule 23 class action must undergo a thorough review by the Court. *Id*. Review and approval of a proposed class action settlement such as the one in the instant case most often involves two separate inquiries. First, the Court should make a preliminary determination that the proposed settlement class satisfies the Rule 23 criteria. *See Manual for Complex Litigation, Fourth*, § 21.632 (2004). Next, the Court must make a preliminary determination on the fairness, reasonableness and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement and date of the fairness hearing. *Id*. If the proposed settlement falls "within the range of possible approval," the Court should grant preliminary approval and authorize the parties to give notice of the proposed settlement to class members. *Armstrong v. Bd. of Sch. Dirs. of Milwaukee*, 616 F. 2d 305, 314 (7th Cir. 1980) (overruled on other grounds). The decision to approve or reject a proposed settlement is committed to the Court's sound discretion. *Isby*, 75 F. 3d at 1196-97. As set forth below, the proposed settlement falls well within the range of possible approval, in light of the substantial risks and costs associated with further litigation. Also, the settlement is entitled to a presumption of fairness, as it was reached through arm's length bargaining between experienced counsel, after the exchange of relevant information. *Hispanics United v. Village of Addison*, 988 F. Supp. 1130, 1150 (N.D. Ill. 1997). Accordingly, this Court should grant preliminary approval.

### A.     The Rule 23 Standards For Certification of a Settlement Class Are Met

The parties, for the purposes of settlement only, agree that the requirements of Rule 23(a) and Rule 23(b)(3) have been met:

1.     <u>Numerosity</u>

The proposed Settlement Class is so numerous that joinder is impracticable. *See, e.g., Johnson v. Rohr-Ville Motors, Inc.,* 189 F.R.D. 363, 368 (N.D. Ill. 1999) ("generally where class members number at least 40 ... the numerosity requirement is satisfied") (citing *Swanson v. American Consumer Industries, Inc*., 415 F. 2d 1326, 1333 n. 9 (7th Cir. 1969). According to Defendant's records, there are 3,009 class members, which easily satisfies the numerosity requirement.

2.     <u>Commonality</u>

The claims of Plaintiff and the proposed Settlement Class involve common questions of fact and law, which predominate over any issues affecting individual class members.  The common questions include: (a) whether Defendant had a practice of sending customers letters in the form represented by <u>Exhibit A</u> to Plaintiff's complaint, and (b) whether Defendant thereby violated the FDCPA.  Therefore, there is a common nucleus of operative fact that exists with respect to the claims of the putative class. *See, e.g., Chavez v. Don Stoltzner Mason Contr., Inc*., 272 F.R.D. 450, 454 (N.D. Ill. 2011).

3.     <u>Typicality</u>

Plaintiff's claims are typical of the claims held by the members of the proposed Settlement Class, as they allegedly were all subject to the same practice, and each individual's claim would be based on the same legal theory and governed by the same law. *Id*. at 455.

4.     Adequacy

Plaintiff and his counsel can fairly and adequately represent the interests of absent class members, as Plaintiff has no interests that are antagonistic to those of the proposed Settlement Class members.  Further, Plaintiff's counsel (and proposed Class Counsel), Edelman, Combs, Latturner & Goodwin, LLC, has substantial experience in class action litigation, including litigation concerning violations of the FDCPA.  See Exhibit 1.  As such, Plaintiff and his counsel may fairly and adequately protect the interests of the class. *Id.* at 455.

5.     Predominance

Pursuant to Rule 23(b)(3), common questions of fact and law predominate over any individual concerns.  The predominance requirement is satisfied.  *Id.* at 455-56.

6.     Superiority

Resolving the claims of Plaintiff and the proposed Settlement Class through a class action is superior to other claim resolution methods in resolving these identical claims.  A class action will achieve economies of time, effort and expense, and will not sacrifice procedural fairness or bring about any undesirable results.  In particular, because of the small individual recovery of many members of the Settlement Class, it is likely that many of these individuals would not even bring their claims if required to do so individually.  As such, Plaintiff's claims are well-suited for class treatment. *Id.*

**B.     The Proposed Settlement Is Fair, Reasonable, and Adequate**

Courts in the Seventh Circuit consider the following factors in evaluating the fairness, reasonableness and adequacy of a proposed class action settlement:

The strength of plaintiffs' case compared to the terms of the proposed

settlement; settling AFS' ability to pay; complexity, length and

expense of further litigation; the amount of opposition to the

settlement; evidence of collusion; opinions of counsel; and the stage

of the proceedings and amount of discovery completed.

*Armstrong*, 616 F. 2d at 314.

The settlement must also be considered in the light most favorable to the settlement. *Id*. ("Judges should not substitute their own judgment as to optimal settlement terms for the judgment of the litigants and their counsel"). Further, a strong presumption of fairness exists when the settlement is the result of arm's length negotiations. *Hispanics United*, 988 F. Supp. at 1150). Analyzing the relevant factors demonstrates that the proposed settlement should be preliminarily approved by the Court:

1.      Strength of Case vs. Terms of Settlement

Plaintiff alleges that he and the members of the Settlement Class received letters making false threats of suit. Defendant disputes the claims. Hence, liability regarding these claims would be contested. The recovery set forth in the proposed settlement allows participating class members to recover nearly the full 1% of defendant's net worth to which the class would have ben entitled if it had prevailed at trial.

2.      Complexity, Length and Expense of Further Litigation

Should this case not settle, the parties would have to fully brief Plaintiff's previously filed class certification motion, which Defendant would intend to oppose. At a minimum, the case would have necessitated summary judgment motion practice to determine liability. Assuming the case proceeded as class litigation to trial, it is estimated that the trial would last

several days.  Following the completion of a jury trial, it is anticipated that the losing side would appeal the decision, which would result in further significant delay.  Thus, if the case were not settled at this point, it is likely that a final decision in this matter would be delayed for another 1-2 years, at considerable expense.

3.     <u>Amount of Opposition to the Settlement</u>

Plaintiff's attorneys have conferred with Plaintiff regarding the settlement. To date, there has been no opposition voiced to the terms of the settlement.

4.     <u>Evidence of Collusion</u>

There has been no collusion between the parties or their counsel in reaching a settlement in this case. All parties were represented by aggressive and competent counsel.

5.     <u>Opinion of Counsel</u>

Counsel for the parties concur that the settlement is fair to their respective clients, taking into account the claims, the maximum amount available for recovery, the governing law, the length and expense of litigation, and the other factors mentioned herein.

6.     <u>Stage of Proceedings</u>

In this case, the parties recognized that given the limited recovery available to the class pursuant to the FDCPA's 1% net worth cap, a settlement at the beginning stages of litigation that provided for nearly the full 1% recovery to the class was advisable before attorneys' fees and costs began to accrue significantly.  The agreement to settle did not occur until Plaintiff's counsel had sufficient information to make an informed judgment regarding the likelihood of success on the merits and the results that could be obtained through further litigation.  Also, given the nature of the claims in this case, it is unlikely that further discovery would materially

9

alter the opinion of counsel regarding the reasonableness and fairness of the proposed settlement.

## IV. CONCLUSION

For these reasons, the parties jointly request that this Court enter an Order (in the form sent to the Court's Proposed Orders mailbox): (1) granting preliminary approval of the proposed settlement as set forth in the Agreement; (2) certifying the proposed Settlement Class, for settlement purposes only; (3) appointing as Class Counsel Edelman, Combs, Latturner & Goodwin, LLC; (4) authorizing the dissemination of notice to members of the Settlement Class and approving the form of the Notice; and (5) scheduling a date for a Fairness Hearing for the purpose of final settlement approval in this matter.

Respectfully submitted,

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER &
GOODWIN, LLC
120 S. LaSalle St., 18th Floor
Chicago, IL 60603
312.739.4200

**<u>CERTIFICATE OF SERVICE</u>**

   I, Daniel A. Edelman, hereby certify that on January 9, 2013, I had the foregoing document filed via the CM/ECF system, which sent automatic electronic notification to the following:

Stacie E. Barhorst (<u>sbarhorst@kpglaw.com</u>)

Eric D. Kaplan (<u>ekaplan@kpglaw.com</u>)

         <u>s/ Daniel A. Edelman</u>
         Daniel A. Edelman

11